UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA EBIDO,<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KAJAKAZI,<br><br>        Defendant. | Case No.  20-cv-04262-SVK<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 32 |

This case began as an appeal by Plaintiff of a decision by Defendant Commissioner of Social Security denying Plaintiff's claim for disability benefits.  Dkt. 1.  After Plaintiff filed a motion for summary judgment, the parties stipulated to remand the case for further proceedings.  Dkt. 21, 25.  The Court granted the stipulation and entered judgment based on that stipulation and order.  Dkt. 26, 27.  Following entry of judgment, the Court entered a stipulation of the Parties awarding Plaintiff $5,700.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  Dkt. 31.  On remand, Plaintiff was awarded past-due benefits.  *See* Dkt. 32-2 (Harding Decl.) ¶¶ 9-11; Dkt. 32-5 (decision on remand); Dkt. 32-6 (notice of award).

Now before the Court is Plaintiff's motion for an award of attorney's fees of $17,756.53.  Dkt. 32.  This application is made pursuant to 42 U.S.C. § 402(b) and Plaintiff's contingent fee agreement with her counsel, Jerron Harding ("Counsel").  Plaintiff's motion includes a declaration from Counsel supporting the request for attorney's fees.  Dkt. 32-2.  The Government filed a response taking no position on the attorney's fees petition.  Dkt. 33.  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 5, 9.

Having reviewed the motion, the relevant law, and the case file, the Court finds that the fees sought are reasonable, and therefore **GRANTS** the petition and awards Plaintiff $17,756.53 in attorney's fees.

## I. FACTUAL BACKGROUND

On June 25, 2020, Plaintiff and Counsel entered into a Fee Agreement. Dkt. 32-3. The Fee Agreement provides in relevant part:

> If the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and I am awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the Law Office of Jerron N. Harding may apply for fees to the U.S. District Court under § 406(b). These fees will not exceed 25% of the past due benefits due to me and my family. Fees will be approved by the U.S. District Court pursuant to § 406(b) of the Social Security Act.

*Id.* at 1.

In its award of benefits on remand, the Social Security Administration withheld $17,756.53 of Plaintiff's past-due benefits to ensure there were sufficient funds available to pay any attorney's fees award. Dkt. 32-2 ¶ 11; Dkt. 32-6 at 3. The withheld amount represents 25% of the past-due benefits. *Id.*

Plaintiff now requests that the Court award Counsel $17,756.53 in fees. Dkt. 32. Counsel has submitted time records reflecting 29.4 hours of his time for work performed in connection with the district court proceedings. Dkt. 32-2 ¶ 12; Dkt. 32-7.

In its response to Plaintiff's motion for attorney's fees, the Government discusses the fact that Plaintiff was awarded EAJA fees and states that "should the Court find that Counsel's [current] request for fees is reasonable, it would award Counsel § 406(b) fees and also order Counsel to refund to Plaintiff the $5,700.00 in EAJA fees that Counsel previously accepted for work before this Court." Dkt. 33 at 4; *see also Gisbrecht v. Crawford,* 535 U.S. 789, 796 (2002). The proposed order submitted with the present motion would require Counsel to refund to Plaintiff the EAJA award of $5,700.00 if the motion for section 406(b) fees is granted. Dkt. 32-8 at 4.

## II. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Plaintiff's present motion for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

2

United States District Court
Northern District of California

of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the award of past-due benefits resulted not from the court's judgment, but from remand proceedings ordered by the court. *McCullough v. Berryhill*, No. 16-cv-00625-BLF, 2018 WL 6002324, at *1 (N.D. Cal. Nov. 15, 2018) (citation omitted). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, not by the Government. *Id.*

Attorneys specializing in Social Security cases "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees of the representation is successful." *McCullough*, 2018 WL 6002324, at *1 (citing *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009)).

## III.     DISCUSSION

As required by 42 U.S.C. § 406(b)(1)(A), the Court must determine whether the request for fees of $17,756.53 is reasonable. In its notice of award, the Social Security Administration represented that this amount represented 25 percent of past-due benefits payable to Plaintiff. Dkt. 32-6 at 3. Plaintiff's fee agreement with her counsel provides for payment of fees not to exceed 25% of past due benefits if awarded on remand, which occurred here. Dkt. 32-3 at 1.

Nothing in the record suggests that Counsel's performance was substandard or that Counsel delayed proceedings in an effort to increase the amount of fees awarded. After Counsel filed a summary judgment motion, he obtained the Commissioner's stipulation to remand the case. On remand, Plaintiff won a substantial award of past-due benefits and ongoing benefits. Thus, Counsel obtained a favorable result for Plaintiff in an efficient manner.

The fee award of $17,756.53 for 29.4 hours of Counsel's work in this district court case translates to an hourly rate of approximately $604. Courts in this circuit have awarded fees under Section 406(b) with effective hourly rates ranging between $1,000.00 and $1,500.00. *See McCullough*, 2018 WL 6002324, at *2 and cases cited therein. In this context, the fees sought by Counsel are reasonable.

Accordingly, the Court concludes that Counsel's request for $17,756.53 under Section 406(b) is reasonable under the facts of this case. Counsel is required to reimburse Plaintiff for all

EAJA fees received by Counsel.

## IV. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

    (1)    Counsel's motion for attorney's fees under 42 U.S.C. §406(b) is **GRANTED** in the amount of $17,756.53; and

    (2)    Counsel must refund Plaintiff the sum of $5,700.00 previously awarded as EAJA fees.

**SO ORDERED.**

Dated: October 25, 2022

SUSAN VAN KEULEN
United States Magistrate Judge